UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



----------------------------------------------------x

TEVIN JACKSON

                                Plaintiff

            -against-

THE CITY OF NEW YORK, UNDERCOVER OFFICER
C0032, POLICE OFFICER JOHN DOE 1-5

                                Defendants.

----------------------------------------------------x

Complaint

**SUMMONS ISSUED**

Jury Trial Demanded

**TOWNES, J.**

**LEVY. M.J.**

## PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York.   The case arises from a February 19, 2010, incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip search, malicious prosecution, assault, battery, negligence and fabricated evidence.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York and the events in question occurred in the Eastern District of New York.

## PARTIES

4.      Plaintiff TEVIN JACKSON is a citizen of the United States and a resident of the State of New York.

5.      Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

6.      Undercover Officer C0032 ("Officer C0032") and John Does 1-5 (collectively the "officers") are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest.  The Officers are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers and subordinates.

## STATEMENT OF FACTS

7.      On February 19, 2010, at approximately 10:50 am in the vicinity of 11 Van Buren Street, in Brooklyn, New York, approximately six Officers arrested plaintiff without cause and charged him with sale and possession of a controlled substance.  Plaintiff is a seventeen year old high school student.

8.      Subsequent to the seizure, one of the Officers subjected plaintiff to excessive force by handcuffing plaintiff unreasonably tight causing marks on plaintiff's wrists and interfering with plaintiff's circulation.  Neither drugs nor marked buy money was found on plaintiff.

9. After being placed under arrest, plaintiff was placed in a police van and driven around for approximately 3 hours handcuffed while Officers made other arrests. Eventually, plaintiff was then taken to the 79th Precinct.

10. At the precinct, one of the Officers strip-searched Plaintiff, demanding that he squat and cough while naked.

11. Plaintiff was later taken to King County Central Booking for further arrest processing and to await arraignment.

12. During this period, an Officer or Officers met with an Assistant District Attorney and misrepresented that plaintiff had sold and possessed drugs.

13. At some time the next day on February 20, 2010, plaintiff was arraigned in Criminal Court, Kings County and bail was set on plaintiff and he was held at Rikers Island.

14. On February 25, 2010, plaintiff was brought from Rikers Island to Kings County Criminal Court and the Kings County District Attorney's Office dismissed all charges against plaintiff and he was released from jail.

15. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of income, and damage to reputation.

## FEDERAL CLAIMS AGAINST POLICE OFFICER C0032, AND JOHN DOES

16. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-15 as if fully set forth herein.

17. The conduct of the Officers as described herein, amounted to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution. This

conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

18.     Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19.     The City of New York directly caused the constitutional violations suffered by plaintiff.

20.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

21.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHIMEFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

4

c.      Costs, interest and attorney's fees;

d.      Such other and further relief as this Court may deem just and proper,

including injunctive and declaratory relief.


DATED:      January 3, 2011


New York, New York


Christopher Wright

305 Broadway, 14th Floor
New York, NY  10007

(212) 822-9419

CHRISTOPHER WRIGHT (CW-8079)