UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

TEVIN JACKSON,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, UNDERCOVER OFFICER
C0032, POLICE OFFICER JOHN DOE 1-5,

                                  Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK**

11 CV 62 (SLT) (RML)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5.     Paragraph "5" of the complaint does not contain any averments of fact, therefore, no response is required.

        6.     Denies the allegations set forth in paragraph "6" of the complaint, except admits that Undercover Officer C0032 is employed by the City of New York in its police

department. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified officers.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits plaintiff was arrested on February 19, 2010, and was charged with sale and possession of a controlled substance.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits plaintiff was transported to the 79th precinct.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff was strip searched.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits plaintiff was transported to Central Booking.

12. Denies the allegations set forth in the first paragraph "12" of the complaint.

13. Denies the allegations set forth in the second paragraph "13" of the complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning when plaintiff was arraigned and whether he was held on Rikers Island.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. In response to paragraph "16" of the complaint, defendant repeats and realleges its responses to the complaint as set forth in paragraphs "1" through "15" of its answer, as if fully set forth herein.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. In response to paragraph "18" of the complaint, defendant repeats and realleges its responses to the complaint as set forth in paragraphs "1" through "17" of its answer, as if fully set forth herein.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

22. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

23. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

24. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

25. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

26. There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

27. Punitive damages are not available against defendant City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

28. Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

29. Plaintiff's claims may be barred in whole or in part by plaintiff's failure to comply with all conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

30. To the extent plaintiff asserts state law claims against defendant, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE**, defendant the City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 4, 2011

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>City of New York
>Attorney for Defendant City of New York
>100 Church Street
>New York, New York 10007
>(212) 341-9848
>
>By: _____
>Diep Nguyen
>Assistant Corporation Counsel

cc: Christopher Wright (By ECF)
Attorney for Plaintiff
305 Broadway, 14th Floor
New York, New York 10007

Docket No. 11 CV 62 (SLT) (RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TEVIN JACKSON,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, UNDERCOVER OFFICER C0032, POLICE OFFICER JOHN DOE 1-5,

                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Diep Nguyen*
*Tel: (212) 341-9848*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2011*

*................................................................, Esq.*

*Attorney for......................................................*